# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41602
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL COOKE FASELER, II,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-604-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Michael Cooke Faseler, II, challenges his conditional guilty-plea conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He claims: the court erred by denying his motion to suppress evidence of deputies' discovery of two firearms because they lacked reasonable, articulable suspicion to justify the warrantless search of his person; and the firearm discovered through the subsequent inventory search of his truck should have been suppressed as fruit of the poisonous tree.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-41602

When reviewing a denial of a motion to suppress, our court reviews "the district court's findings of fact for clear error and its conclusions of law *de novo*", *United States v. Broca-Martinez*, 855 F.3d 675, 678 (5th Cir. 2017) (internal quotation omitted), and "view[s] the evidence in the light most favorable to the party that prevailed in the district court", *United States v. Monsivais*, 848 F.3d 353, 357 (5th Cir. 2017) (internal quotation omitted). "A district court's ruling on a motion to suppress based upon live testimony at a suppression hearing is accepted unless clearly erroneous or influenced by an incorrect view of the law." *United States v. Cardoza-Hinojosa*, 140 F.3d 610, 613 (5th Cir. 1998) (internal quotation omitted).

The deputies were entitled to rely on the information they received from the police dispatcher, their fellow officers, and eyewitnesses when deciding to conduct a frisk for weapons. *United States v. Vickers*, 540 F.3d 356, 361 (5th Cir. 2008). Although the dispatch indicated no weapons were displayed and the deputies did not see a weapon, it was reasonable for them to infer Faseler was likely armed and a danger to others based on his threat to "shoot the place up", and his prior violence towards law enforcement. *United States v. Estrada*, 459 F.3d 627, 631–33 (5th Cir. 2006); *United States v. Michelletti*, 13 F.3d 838, 840–841 (5th Cir. 1994) (en banc).

Therefore, contrary to his assertion, the deputies had reasonable, articulable suspicion he was armed and dangerous, to justify the pat-down search. *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *Estrada*, 459 F.3d at 631. In that regard, the subjective intent of one of the deputies does not negate the objectively reasonable search. *Whren v. United States*, 517 U.S. 806, 813 (1996).

AFFIRMED.